IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.L.,

    Plaintiff,

vs.                                                                          Civ. No. 23-127 WJ/SCY

LEON MARTIN, in his individual capacity,
and the STATE OF NEW MEXICO,

    Defendants.

## **ORDER ALLOWING PLAINTIFF TO PROCEED UNDER PSEUDONYM**

This matter comes before the Court on its Notice and Order to Show Cause. Doc. 3. On January 9, 2023, Plaintiff filed in state court a complaint under the initials "A.L." Doc. 1-2. Defendant Martin removed the case to this court on February 10, 2023. Doc. 1. Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Therefore, the Court issued a Notice and Order to Show Cause requiring Plaintiff to show cause why her full name should not be disclosed in public filings with the court. Doc. 3. Plaintiff responded, requesting that she be permitted to proceed under the pseudonym A.L. Doc. 6. The Court quashes the Order to Show Cause (Doc. 3) and grants Plaintiff's request.

The Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against

would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

In this case, the Court finds that A.L. has met her burden of showing that the need for anonymity outweighs the public interest in favor of openness. A.L. alleges that she was raped, assaulted, and falsely imprisoned by an on-duty peace officer while in his custody following an arrest for suspicion of driving under the influence. Doc. 1-2 ¶ 7; Doc. 6 at 1. Her allegation of sexual assault is of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. Indeed, "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (citing *Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir. 1997)); *see also Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects.").

In addition, the Court notes that Defendant State of New Mexico did not file an opposition to Plaintiff's request to proceed anonymously.[1] Defendant Martin, for his part, "takes

---

[1] At the time the Court filed its Notice and Order to Show Cause, Defendant State of New Mexico had not yet entered the case and so the Court directed Plaintiff to serve a copy of the Order on the State. Doc. 3 at 2-3. The Court instructed that the State "may respond to Plaintiff's

no position on Plaintiff proceeding anonymously for pretrial purposes."[2] Doc. 8 at 1. In granting Plaintiff permission to proceeding anonymously, the Court will require her to disclose her name to the defense and the Court. *See W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter."). In doing so, the Court sees no prejudice to Defendants: Defendants will know the identity of A.L. (if they do not already) and will not be hampered in their efforts to investigate and defend against the allegations. *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name). The Court notes that hearings and filings (albeit sometimes slightly redacted) connected to this case will be open to the public, and the Court is unaware of any significant interest the public might have in A.L's identity in connection with this case.

**IT IS THEREFORE ORDERED** that the Order to Show Cause (Doc. 3) is QUASHED.

**IT IS FURTHER ORDERED** that Plaintiff shall file, no later than **April 20, 2023**, an unredacted complaint under seal that places on the record A.L.'s real name as the party in

---

submission [in response to the Order to Show Cause] by the same deadline as that for its answer or other responsive pleading, but is not required to respond if its agrees with Plaintiff's position. Defendants' failure to respond within the time prescribed for doing so constitutes a waiver of any objection to the Court's decision." *Id.* at 3. Plaintiff served the Order upon the State on February 28, 2023, Doc. 5, and served her response upon the State on March 1, Doc. 6 at 4. The State, who entered the case and filed a responsive pleading on March 13, 2023, did not file any response to the Order.

[2] Defendant Martin suggests that Plaintiff's identity "may need to be disclosed at later stages of the proceedings, including for purposes of jury questionnaires, jury selection, and trial." Doc. 8. The Court agrees that Defendant is not waiving his ability to re-present this issue to the Court if the current circumstances change. That is, if Defendant perceives a need to disclose Plaintiff's identity later in this litigation, Defendant may file a motion arguing for the disclosure of Plaintiff's identity.

interest. In all other filings, Plaintiff may proceed as "A.L."

_____
Steven C. Yarbrough
United States Magistrate Judge

4