# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

A.L.,

    Plaintiff,

v.                                                                                   No. 1:23-cv-00127-WJ-SCY

LEON MARTIN, in his individual capacity,
And STATE OF NEW MEXICO,

    Defendants.

## MEMORANDUM ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant State of New Mexico's Motion to Dismiss (**Doc. 12**). The State of New Mexico ("the State") moves to dismiss Counts III and IV of the Complaint for failure to state a claim under the New Mexico Tort Claims Act.[1] Having considered the parties' briefing and the applicable law, the Court concludes that Plaintiff has alleged sufficient facts to state plausible NMTCA claims against the State in Counts III and IV. Defendant's Motion to Dismiss (**Doc. 12**) is **DENIED**.

---

[1] The State initially moved to dismiss the claims against it in Count II based on the mistaken belief that Plaintiff's claim in that count was brought under the New Mexico Tort Claims Act. Plaintiff pointed out in her response that Count II is brought under the New Mexico Civil Rights Act, NMSA 1978, § 41-4A-3(C) (2021). The State withdrew its challenge to Count II and agrees that "accepting the Complaint's factual allegations as true and given the broad language of the New Mexico Civil Rights Act, Count II plausibly states a claim for relief." **Doc. 27 at 1**.

## BACKGROUND[2]

This case arises out of the alleged rape, assault, battery, false imprisonment, and false arrest of A.L. by Defendant Leon Martin. **Doc. 1, Ex. 2 ("Complaint")**. Defendant Martin was employed by the Isleta Pueblo Police and was a licensed peace officer commissioned by the State of New Mexico. *Id.* ¶ 2. "On the evening of November 21, 2021, Defendant Martin was on-duty and in full police uniform when he heard A.L's name come across the police radio in connection with a potential DUI investigation." *Id.* ¶ 11. Defendant Martin had previously met A.L. during an on-duty call and had previously made various allegedly inappropriate and disturbing attempts to contact A.L., including "friending" and messaging her on Facebook and calling A.L.'s mother to ask personal questions about A.L. and her private relationships. *Id.* ¶¶ 8, 9, 10. On the evening of November 21, Defendant Martin was not assigned to nor called to assist in the investigation of A.L. *Id.* ¶ 12. Yet he drove to the scene because A.L. was the subject of the investigation. *Id.* Upon arrival, Defendant Martin told the responding officer that the officer could leave and that Defendant would take over the investigation. *Id.* ¶ 13. Once the officer left, Defendant Martin arrested A.L. on suspicion of aggravated driving while under the influence in violation of NMSA 1987, § 66-9-102(D) and other state traffic laws. *Id.* ¶ 14. Defendant first took A.L. to a hospital to have her wrist examined, then he drove A.L. to a remote area near the Bernalillo County Metropolitan Detention Center and repeatedly raped her. *Id.* ¶¶ 15, 16, 19. After the assault and after keeping A.L. in custody for hours after her initial arrest, Defendant Martin drove her to the Valencia County Detention Center to book her for driving under the influence. *Id.* ¶¶ 21, 24. On the way to the Detention Center, Defendant Martin repeatedly told A.L. not to tell anyone about

---

[2] The Background facts are from Plaintiff's Complaint (**Doc. 1-1**) and are taken as true and viewed in the light most favorable to Plaintiff for the purpose of Defendant's Motion to Dismiss. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

the assault and promised that he would ask the judge to "take it easy on her" if she remained silent. *Id.* ¶ 22. After she was released from the Detention Center, A.L. reported the incident to the local authorities, and Defendant Martin was arrested and charged with several state crimes. *Id.* ¶¶ 27, 28. Later, the State of New Mexico revoked Defendant Martin's law enforcement license due to the alleged assault. *Id.* ¶ 30. Defendant Martin has remained incarcerated in the Bernalillo County Detention Center since his arrest in December 2021. *Id.* ¶ 29.

Plaintiff brings claims against Defendant Martin and the State of New Mexico under the New Mexico Tort Claims Act ("NMTCA") in Counts III and IV. Defendant's Motion to Dismiss challenges only Plaintiff's claims against the State. In Count III, Plaintiff brings a claim against the State for negligently failing to properly train, supervise, hire, and retain Defendant Martin as a commissioned police officer. *Id.* ¶¶ 45, 46, 47. In Count IV, Plaintiff claims the State can be held vicariously liable under respondeat superior for Defendant Martin's intentional torts of false arrest, false imprisonment, rape, assault, and battery. *Id.* ¶¶ 49-53.

## DISCUSSION

The State raises two arguments for dismissal: First, the State contends Plaintiff fails to plausibly state a claim for relief under Federal Rule of Civil Procedure 12(b)(6); and second, the State argues Plaintiff's claims fall outside NMTCA's waiver of sovereign immunity. The Court addresses and rejects each argument in turn.

### I.   Rule 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When assessing plausibility, a plaintiff's allegations are 'read in the context of the entire complaint.'" *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (citation omitted). Under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). However, the Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

**II.   Plaintiff's NMTCA Claims Against the State Are Plausible.**

The State first argues Plaintiff's NMTCA claims against the State are implausible. According to the State, Plaintiff's claims must be dismissed because her allegations are entirely conclusory. Specifically, the State challenges the Complaint's sparse explanation of "how any allegedly deficient training of Martin by the State caused or contributed to his subsequent commission of the crime." **Doc. 12 at 5.** And the State takes issue with the plausibility of Plaintiff's claims against the State given that Defendant Martin was employed by the Isleta Pueblo, a sovereign nation, not the State. *Id.* The Court is not persuaded that dismissal is warranted.

The Complaint may lack detail as to how exactly the State, through the New Mexico State Police, supervised Defendant Martin and how its allegedly negligent hiring, training, retention, and supervision caused Defendant Martin's wrongful conduct. However, at this early stage in the litigation Plaintiff has alleged sufficient factual content to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Complaint contains these allegations: Defendant Martin was a "licensed peace officer commissioned by the State of New Mexico" who committed the unlawful acts "within the scope of his duties." **Doc. 1-1 ¶ 2**. Plaintiff also alleges the State was "responsible for the hiring, training,

4

and retention of Defendant Martin as a commissioned peace officer with the State of New Mexico." *Id.* ¶ 45. According to Plaintiff, when she encountered Defendant Martin he was "on-duty, in full police uniform," and took over the investigation from another officer. *Id.* ¶¶ 11, 13. The Complaint also alleges Defendant Martin arrested—and later booked—Plaintiff for violations of *state* law. *Id.* ¶ 14. And based on Defendant Martin's assault of Plaintiff, the State allegedly "revoked Defendant Martin's law enforcement license." *Id.* ¶ 30.

Taking these allegations as true and viewing them in the light most favorable to Plaintiff, the Court concludes Plaintiff has plausibly stated NMTCA claims against the State. The fact that Defendant Martin worked for the Isleta Pueblo does not mean Plaintiff cannot—as a matter of law—sustain a claim against the State for Defendant Martin's actions while on duty as a commissioned officer for the State of New Mexico. *See e.g., Loya v. Gutierrez*, 2015-NMSC-017, 350 P.3d 1155 (concluding tribal officer commissioned as county sheriff qualified as a "public employee" under NMTCA thus requiring the State to defend and indemnify him). And Plaintiff's allegations suggest the State hired, trained, retained, and supervised Defendant Martin as a commissioned officer. The Complaint contains sufficient, non-conclusory allegations to allow Plaintiff's claims to proceed.

II.     **Plaintiff's Allegations Fall within NMTCA's Waiver of Sovereign Immunity.**

The State next contends Plaintiff's allegations fall outside of NMTCA's waiver of sovereign immunity because NMTCA only allows respondeat superior claims against a government entity who acts as the tortfeasor's immediate supervisor. *See Silva v. State*, 1987-NMSC-107, ¶ 15, 106 N.M. 472, 477. Thus, according to the State, it cannot be held liable for Defendant Martin's intentional torts because it was not Defendant Martin's supervisor, and even if it was, the State's involvement was too remote. Plaintiff argues in response that the Court should

deny the State's motion because faithful adherence to the Rule-12(b)(6) standard requires the Court to accept Plaintiff's allegations as true. Plaintiff's response is well taken.

On a motion to dismiss, the Court must look only at the four corners of the Complaint and accept Plaintiff's well-pleaded allegations as true. Plaintiff alleged that the State commissioned Defendant Martin as a peace officer for the State of New Mexico, was responsible for the hiring, training, and retention of Defendant Martin as a commissioned state officer, and ultimately revoked Defendant Martin's law enforcement license. These factual allegations allow the Court to draw the reasonable inference that the State had supervisory responsibilities over Defendant Martin. Plaintiff has provided enough factual support to sustain her NMTCA claims against the State. The State's contention that its involvement was too remote from Defendant Martin's tortious conduct is more appropriately raised in a Motion for Summary Judgment.[3]

## CONCLUSION

Plaintiff's NMTCA claims in Counts III and IV against the State are plausible and fall within NMTCA's waiver of sovereign immunity. The Court **DENIES** Defendant's Motion to Dismiss (**Doc. 12**).

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The scope of Defendant Martin's commission from the State of New Mexico is not clear from the Complaint. It may well be that after some discovery it becomes clear the State cannot be held vicariously liable as Defendant Martin's supervisor because Defendant Martin was in fact under the direct supervision of the Isleta Pueblo. But on a motion to dismiss the Court cannot make such a determination.